IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:06-CR-0307 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| JESSE LEE ALSTON | : | |

## ORDER

AND NOW, this 30th day of July, 2008, upon consideration of defendant's letter (Doc. 43-3) transmitted to the Clerk of Court of the United States Court of Appeals for the Third Circuit, and of the order of that court (Doc. 43) dated May 14, 2008 remanding this case "with an instruction to treat [defendant's letter] as a motion for extension of time" within which to file an appeal, and upon further consideration of the summary brief (Doc. 49) submitted by defendant's counsel on July 23, 2008, and it appearing that Rule 4(b)(4) of the Federal Rules of Appellate Procedure permits a district court to extend the time for filing a notice of appeal by thirty days with or without notice upon a finding of "excusable neglect or good cause," FED. R. APP. P. 4(b)(4); see also In re Diet Drugs Prods.Liab. Litig., 401 F.3d 143, 153-54 (3d Cir. 2005), and that a court analyzing excusable neglect should evaluate "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith," Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); In re Orthopedic Bone Screw Prods. Liab. Litig., 246 F.3d 315, 323 (3d Cir. 2001) (identifying additional factors bearing on the excusable

neglect analysis, including professional incompetence of counsel, failure to plan for foreseeable consequences, extent of counsel's diligence, the movant's good faith, and whether the movant's proffered excuse is capable of verification), United States v. James, No. 03-CR-1048, 2007 WL 3232219, at *3 (E.D.N.Y. Oct. 31, 2007) (applying the Pioneer Investment analysis in criminal context), and the court concluding that defendant filed a notice of appeal (Doc. 71) within the thirty-day extension period, see United States v. Richmond, 120 F.3d 434, 436 (3d Cir. 1997) ("We have held that district courts retain the authority to grant the appealing party a Rule 4(b) extension . . . so long as the appealing party filed the notice of appeal within the 30-day extension period."), that the government will suffer no prejudice if defendant is permitted to appeal because the belated appeal will entail no effort greater than that attendant to a timely one, that defendant acted with reasonable promptness when mailing his letter (Doc. 43-3), which was postmarked within ten business days of the expiration of the deadline for filing a notice of appeal,[1] (see Doc. 43-3), that defendant's delay appears to be the result of a misunderstanding between defendant and his counsel regarding whether he wished to appeal, and that defendant took prompt action to resolve the misunderstanding by sending the letter to the Clerk of Courts for the Third Circuit, and the court therefore finding that

---

[1] The ten-day period for the filing of a notice of appeal commenced on May 2, 2007, when judgment was entered against defendant. (See Doc. 35.) This period expired on May 16, 2007. On May 29, defendant transmitted a letter to the Clerk of Court for the Third Circuit requesting assistance in preserving his appellate rights. (See Doc. 43-3.) The Federal Public Defender's Office filed a notice of appeal on defendant's behalf on May 30. (See Doc. 43-2.)

there is good cause for an extension, see FED. R. APP. P. 4(b)(4), it is hereby

ORDERED that:

1. Defendant's October 10, 2005 letter (Doc. 43-3) is CONSTRUED as a motion for an extension of time to file an appeal and is GRANTED as so construed.  See FED. R. APP. P. 4(b)(4).

2. The Clerk of Court is directed to send a copy of this order to the Court of Appeals for the Third Circuit.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge